*E-FILED: May 29, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOBBY SANDERS,<br><br>    Plaintiff,<br>    v.<br><br>RAYMOND LAHOOD, SECRETARY,<br>UNITED STATES DEPARTMENT OF<br>TRANSPORTATION,<br><br>    Defendant. | No. C11-04391 HRL<br><br>**ORDER ON DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>**(Dkt. No. 41)** |

Bobby Sanders, a former air traffic controller trainee, sues the United States Department of Transportation claiming age, race, and gender discrimination, as well as discrimination for engaging in protected activities, in violation of 42 U.S.C. § 2000, *et seq.* and 29 U.S.C. §§ 621-34.

The parties bring to the Court a discovery issue over the production of the employment training records of various third parties. Following a series of meet and confer efforts, plaintiff has identified a handful of individuals, whom he contends are similarly situated to himself. Plaintiff seeks the training records of these individuals. Though defendant disputes that these individuals are similarly situated to plaintiff, the parties have agreed on a reasonable scope for the requested discovery, and agree that a Court order is necessary to relieve defendant of any obligations imposed by the Privacy Act, 5 U.S.C. § 552a(b).

The Privacy Act prohibits federal government agencies from disclosing "any record [about an individual] which is contained in a system of records." 5 U.S.C. § 552a(b). However, the Privacy Act allows for disclosure "pursuant to the order of a court of competent jurisdiction." *Id.*

1  In addition to the protection afforded by the Privacy Act, "Federal Courts ordinarily recognize a
2  constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v.*
3  *City of Concord*, 162 F.R.D. 603, 616 (N.D.Cal.1995). "Resolution of a privacy objection or
4  request for a protective order requires a balancing of the need for the information sought against the
5  privacy right asserted." *Id.*

6  Here, the specific information requested by plaintiff appears to be directly relevant to his
7  claims, and the Protective Order in place in this case should adequately protect any confidential
8  information produced in response to the narrowed requests. Accordingly, the Court orders
9  defendant Raymond LaHood, Secretary of the Department of Transportation, to produce the
10 following documents to plaintiff within 10 days of the date of this order (or, for item 4, below,
11 within 10 days of the date that plaintiff identifies the 10 controllers, whichever is later):

12  1. Training documents from September 1, 2007 to January 31, 2008 relating to
13  developmental controller Lisa Schoenecker;
14  2. Training documents from August 27, 2005 to January 31, 2008 relating to developmental
15  controller Lynn Santos;
16  3. Training documents from August 27, 2005 to January 31, 2008 relating to developmental
17  controller Christopher Owens;
18  4. Training documents from August 27, 2005 to January 31, 2008, including but not limited
19  to documents relating to training failures, for up to 10 of the developmental controllers listed
20  in Exhibit 9 to Report of Investigation of plaintiff's Equal Employment Opportunity
21  ("EEO") complaint. Plaintiff may select up to 10 names from that list and shall do so no later
22  than **May 31, 2013**;
23  5. A statement under penalty of perjury by an FAA employee stating that Dena Thomas
24  became a Certified Professional Controller prior to August 27, 2005, i.e., prior to plaintiff's
25  settlement of a previous EEO complaint.

26  **IT IS SO ORDERED.**
27  Dated: May 29, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

**C11-04391 HRL Notice will be electronically mailed to:**

Christopher D Vaughn     cvaughn@thevaughnlawfirm.com

Claire T. Cormier     claire.cormier@usdoj.gov

Richard Angelo Kutche     rakutche@pacbell.net

Richard Dean Schramm     rschramm@workplaceattys.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**