UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BOBBY SANDERS,<br><br>        Plaintiff,<br><br>    v.<br><br>RAYMOND LAHOOD, SECRETARY, UNITED STATES DEPARTMENT OF TRANSPORTATION,<br><br>        Defendant. | Case No.: 5:11-CV-04391-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[Re: Docket Item No. 52]** |

In this employment-related action brought by Plaintiff Bobby Sanders ("Plaintiff" or "Sanders"), presently before the court is Defendant Raymond LaHood's ("Defendant" or "LaHood") Motion for Summary Judgment. See Docket Item No. 52. Having fully reviewed the parties' papers and after hearing oral arguments, the Court will grant Defendant's motion in its entirety.

**I.  BACKGROUND**

Plaintiff is an African-American male at least forty years of age during the relevant time period. On or around January 12, 2003, Defendant, through the Federal Aviation Administration ("FAA"), began to employ Plaintiff as an Air Traffic Control Specialist in the Oakland Air Route

1

Case No.: 5:11-CV-04391-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Traffic Control Center ("Oakland Center"), which is an En Route facility where controllers manage aircrafts traveling at high altitudes. See Compl. ¶ 11, Docket Item No. 1; Atkinson Decl. ¶ 4, Docket Item No. 52-10. On or about October 2004, Randy Park ("Park") became the Air Traffic Manager at Oakland Center and Michael Muhl ("Muhl") became the Assistant Air Traffic Manager. Compl. ¶ 12.

Plaintiff, a retired Air Traffic Controller, was hired as an Air Traffic Control Specialist developmental ("trainee") under the Employment of Retired Military Controllers Program, which authorized time-limited appointments. Compl. ¶ 11. To become a Certified Professional Controller, Plaintiff was required to undergo extensive training, consisting of four stages. Id. ¶ 13; see also Cormier Decl. Ex. 10, Docket Item No. 54. Plaintiff was placed in the domestic track training program. See Sanders Dep. 82:20-24, Docket Item No. 53.

Plaintiff asserts that throughout his training he was inadequately trained and treated differently than other trainees. Compl. ¶ 13. As a result of inadequate training and differential treatment, in or around November 2004, Plaintiff filed a discrimination complaint with the FAA's Equal Employment Opportunity ("EEO") office. Id. On or about February 17, 2005, Plaintiff and the FAA reached a settlement agreement, which the FAA later revoked, and Plaintiff was removed from his position on or about May 6, 2005. Id. ¶ 15. On or about May 9, 2005, Plaintiff contacted the EEO regarding his discrimination complaint. Id. ¶ 16. In or about August 2005, Plaintiff and the FAA entered into a written agreement, whereby the FAA agreed to return Plaintiff to his position and expunge his prior negative training record and Plaintiff agreed to withdraw his EEO claims with prejudice. Id. ¶ 17; Sanders Dep. 78:4-79:2, 238:6-19; Cormier Decl. Ex. 5.

Plaintiff returned to Oakland Center as a controller on or about August 22, 2005, in the oceanic track, rather than re-entering the domestic track. Compl. ¶ 17; Sanders Dep. 79:3-18. Plaintiff asserts that he was subject to race, sex, and age discrimination, as well as reprisal action. Compl. ¶ 19. In January 2006, Plaintiff began Oceanic Manual Classroom Training with instructor Bejie Aweau ("Aweau"). Plaintiff asserts that Aweau incorrectly trained Plaintiff, made statements that trainees were being "watched," asked Plaintiff in front of other trainees if he was "picking this stuff up," and said to him, "they told me to be careful of what I say around you because you write

everything down, and what I said might come back and bite me in the ass when you wash out of the program." Id. ¶¶ 22-23. Plaintiff further asserts that he was not given the same training and instructional opportunities as other trainees, who were not African-American, and that he was unjustly given failing scores in some of his evaluations. Id. ¶¶ 24-26, 29, 35-36. Additionally, Plaintiff asserts that during the Stage III / Data-Side Training, which he began on or about October 9, 2007, he was treated less favorably than a fellow female trainee who was younger than Plaintiff and not African-American. Id. ¶ 30. Plaintiff asserts that he was asked to perform additional requirements and evaluated unjustly as compared with other trainees. Id. ¶¶ 31-32.

On or about December 3, 2007, Plaintiff failed a simulation-phase evaluation, was assigned skill enhancement training, and was required to take a second evaluation on December 7, 2007, which he failed. See Kroger Decl. ¶¶ 5-9, Docket Item No. 52-6. Plaintiff asserts that he should not have failed the evaluation.

On or about December 11, 2007, Valerie Koger ("Koger"), Oakland Center Training Manager, suspended Plaintiff's training and initiated a review of Plaintiff's training history. Compl. ¶ 37. Koger prepared a final document reviewing Plaintiff's training in which she recommended upholding his training suspension and referring him to a lower-level facility. Koger Decl. Ex. F, Docket Item No. 52-7.

On January 9, 2008, Muhl wrote a letter to Plaintiff on behalf of Park, notifying Plaintiff that his five-year term was ending. See Park Decl. ¶ 7 and Ex. C, Docket Item No. 52-11. In response, Plaintiff replied with a letter to Muhl on January 10, 2008 requesting an extension of his appointment and transfer to a lower-level facility. Compl. ¶ 40; Cormier Dec. Ex. 19 and B. Although Plaintiff had made prior verbal requests to extend his five-year appointment, this was the first formal written request. Muhl forwarded the letter to the Employee / Labor Relations Office, since he did not have the authority to extend temporary appointments. See Muhl Interrog. 4, Docket Item No. 52-4. Nadine Grundy, manager at the Hayward Air Control tower, spoke with Andy Richards ("Richards"), District Manager for Terminal Operations, requesting that he consider transferring Plaintiff to Hayward Airport. See Richards Decl. Ex. A ¶ 2, Docket Item No. 52-12. Richards contacted Muhl regarding the proposed transfer. Compl. ¶ 42. Richards was

3
Case No.: 5:11-CV-04391-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

notified that Plaintiff's employment was expiring and relayed to Grundy that it was too late to complete the proposed transfer and extension, which Defendant asserts generally takes several weeks to process. Atkinson Decl. ¶¶ 8-11. FAA Human Resources has no record of receiving the specific forms requesting an extension or transfer. Id. Plaintiff's employment ended on January 12, 2008.

On September 2, 2011, Plaintiff filed his Complaint, which alleged four causes of action against Defendant. Three of the claims assert violations of Title VII of the Civil Rights Act of 1964, U.S.C. § 2000(e) et seq.: discrimination based on race and gender, disparate treatment, and retaliation. One claim is based on the Age Discrimination in Employment Act: age discrimination and disparate treatment.

On June 26, 2013, Defendant filed this Motion for Summary Judgment, which is presently before the Court. See Docket Item No. 52. The Court heard oral arguments on this motion on August 23, 2013. See Minute Entry, Docket Item No. 58.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). However, the mere suggestion that facts are in controversy, as well as conclusory

4
Case No.: 5:11-CV-04391-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see also Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986); Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III. DISCUSSION

Plaintiff's claims are grounded in theories of gender-, age-, and race-based discrimination and disparate treatment, as well as retaliation. Defendant moves for summary judgment of Plaintiff's claims on the grounds that Plaintiff (1) offered no or insufficient evidence to support his claims and (2) Plaintiff's claims are time-barred.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to "discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The Age Discrimination in Employment Act of 1967 ("ADEA") prohibits an employer from discriminating against an employee because of the employee's age. 29 U.S.C. § 623(a). To establish a prima facie case for discrimination, a plaintiff must offer evidence that "give[s] rise to an inference of unlawful discrimination," either using "direct circumstantial evidence of discriminatory intent," Vasquez v. County of Los Angeles, 349 F.3d 634, 640 (9th Cir. 2003), or by using the McDonnell Douglas burden-shifting framework showing that "(1) he is a member of a protected class, (2) he was qualified for his position, (3) he experienced an adverse employment action, and (4) similarly situated individuals outside of his

protected class were treated more favorably." Peterson v. Hewlett–Packard Co., 358 F.3d 599, 603 (9th Cir. 2004); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

After reviewing the evidence, the Court finds that Plaintiff has failed to meet his burden of showing race-, age-, or gender-based discrimination or disparate treatment sufficient to withstand a motion for summary judgment. As such, summary judgment with regard to these types of claims—the First, Second, and Third Causes of Action of the Complaint—will be granted.

To establish a prima facie case for the remaining claim—unlawful retaliation for engaging in protected activity—a plaintiff must show "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000). If a plaintiff meets this burden, the defendant must put forth a legitimate, non-discriminatory reason for the adverse employment action; if that is accomplished, the plaintiff must then show that the stated reason is pretext. Id.; see also Crown v. Wal–Mart Stores, Inc., 8 Fed. App'x 776, 778 (9th Cir. 2001) (holding that a plaintiff to a retaliation complaint has the burden of proving—in addition to the engagement in protected activity and the causal link between that activity and the retaliatory conduct—that the employer's explanation for the action was a pretext for the illegal consequence).

An employee-plaintiff seeking to avoid the granting of summary judgment, as Plaintiff is in this case, cannot rely on the prima facie showing alone; rather he or she must "must adduce substantial additional evidence from which a trier of fact could infer the articulated reasons for the adverse employment action were untrue or pretextual." Loggins v. Kaiser Permanente Int'l, 151 Cal. App. 4th 1102, 1113 (2007); Barefield v. Bd. of Trustees of Cal. State Univ., Bakersfield, 500 F. Supp. 2d 1244, 1272 (E.D. Cal. 2007) ("[T]o survive summary judgment, Plaintiff must provide sufficient facts that the alleged adverse actions materially affect the conditions of her employment, including performance or opportunity for advancement."); Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1046 (2005). In a summary judgment motion, the non-moving party may not rest upon mere allegations or denials of the moving party's evidence, but instead must point to admissible evidence that shows there is a genuine issue of material fact for trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc., 210 F.3d 1099, 1102-03 (9th Cir. 2000); Nelson v. Pima Cmty. College

6
Case No.: 5:11-CV-04391-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Dist., 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for the purposes of summary judgment."); Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir. 2001) ("[The plaintiff's] conclusory allegations unsupported by factual data are insufficient to defeat [the defendant's] summary judgment motion.").

Plaintiff contends that the facts demonstrate a prima facie case of unlawful retaliation. He asserts that his employment was terminated as a direct result of prior EEO complaints, which constituted a protected activity. Plaintiff further asserts that Defendant's refusal to extend his appointment and transfer him to a lower-level facility amounts to an adverse employment action and that a causal link exists between the two. Furthermore, Plaintiff argues that Defendant's given reason for not extending his appointment is pretext for the retaliatory action.

In response, Defendant articulates legitimate non-discriminatory reasons for the termination of Plaintiff's employment, unrelated to Plaintiff's EEO complaints. Defendant asserts that Plaintiff's employment was not terminated; rather the 5-year term for which he was originally hired was always set to expire on January 12, 2008 and Plaintiff was aware of that fact when he was hired. The letter from Muhl to Plaintiff written on January 9, 2008 was simply a reminder of this. Defendant notes that Plaintiff's employment was not extended because he had not completed his training; his training was suspended in December 2008 because he had failed his simulation-phase evaluation twice, even after being given remedial training. Even had he passed his evaluation, Plaintiff would still not have been fully certified as he had not yet passed Stage IV training. Furthermore, Defendant notes that Plaintiff was not transferred to a lower-level facility because there was not enough time to effectuate such a transfer between the date a written request for transfer was received—January 10, 2008—and the date his employment was due to expire, which was two days later. Defendant contends that it takes at least more than two days, if not several weeks to effectuate a transfer.

The Court agrees with Defendant that Plaintiff has not met his burden to establish a prima facie case. Plaintiff has not presented sufficient evidence to show that the termination of his employment was as a result of his EEO complaints. Plaintiff does not provide statements or conversations among the terminating parties that refer to his termination in the same context as his

complaints, let alone that those complaints were the reason for his termination.  The evidence that Plaintiff presents — the statement made by Aweau, the fact that two evaluators were present at his evaluation, and his opinion that he was incorrectly failed in his evaluation — simply do not add up to establish a connection between his EEO complaints and the ending of his five-year appointment in January 2008.  In sum, Plaintiff has failed to present sufficient evidence to satisfy the causal link requirement.

In cases where summary judgment was denied, the plaintiff was able to point to specific direct and circumstantial evidence that suggested or showed that the adverse employment action was motivated by the plaintiff's engaging in a protected activity like complaining of discrimination or harassment.  For example, in Walker v. Brand Energy Services, LLC, a plaintiff presented evidence showing that he received an angry reaction from his supervisor after complaining about racial discrimination.  726 F. Supp. 2d 1091, 1102 (E.D. Cal. 2010).  The plaintiff in that case was also able to present testimonial evidence from a co-worker that the plaintiff's supervisor said he was going to terminate the plaintiff because the plaintiff had complained about the supervisor's harassing conduct.  Id. at 1098.  In Reeves v. Safeway Stores, Inc., the court reversed the granting of summary judgment because there remained a triable issue of fact as to the reasoning behind the plaintiff's termination. 121 Cal. App. 4th. 96 (2004).  In that case, the plaintiff presented affirmative evidence that the cause-in-fact of his termination was his complaining about sexual harassment in the workplace.  Id.

In this case, Plaintiff has presented no similar direct or circumstantial evidence pointing to a link between the protected activity and the decision not to extend his appointment or transfer him.  Accordingly, Plaintiff has failed to satisfy his burden.  Summary judgment with regard to Plaintiff's claim of retaliation will therefore be granted.

## IV.  CONCLUSION AND ORDER

For the aforementioned reasons Defendant's Motion for Summary Judgment is GRANTED in its entirety.

1  Since this order effectively resolves this case, all previously-set deadlines and hearings,
2 including the trial dates, are VACATED.  Judgment shall be entered in favor of Defendant and the
3 clerk shall close this file.

**IT IS SO ORDERED**

Dated: September 10, 2013

                                                                                                 _____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-CV-04391-EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT